Order filed August 4, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00134-CV

                                                    __________

 

                             TIMOTHY
W. BUCHANAN, Appellant

 

                                                             V.

 

                                 ERNIE
B. ARMSTRONG, Appellee



 

                                  On
Appeal from the 132nd District Court

 

                                                           Borden
County, Texas

 

                                                     Trial
Court Cause No. 1176-B

 



 

O
R D E R

Tex. R. App. P. 38.1 sets out the
requirements for appellate briefs.  Our review of the appellant’s brief filed
in this appeal reveals noncompliance with Rule 38.1 in several material
respects.  Specifically, appellant’s brief is deficient under Rule 38.1 in the
following respects:

The
brief does not contain the sections required by Rule 38.1 listed under the
appropriate headings and in the order indicated by the rule.

As
required by Rule 38.1(a), the brief does not contain an “Identity of Parties
and Counsel” section wherein the brief gives a complete list of all parties to
the trial court’s judgment or order appealed from and the names and addresses
of all trial and appellate counsel, except as otherwise provided in Tex. R. App. P. 9.8.

            As
required by Rule 38.1(b), the brief does not contain a “Table of Contents” section
with references to the pages of the brief, including the subject matter of each
issue or point or group of issues or points.

            As
required by Rule 38.1(c), the brief does not contain an “Index of Authorities” section
arranged alphabetically and indicating the pages of the brief where the
authorities are cited.

            As
required by Rule 38.1(d), the brief does not contain a “Statement of the Case” section
containing a concise statement of the nature of the case.

            As
required by Rule 38.1(e), the brief does not contain a “Statement Regarding
Oral Argument” section explaining why oral argument should or should not be
permitted.

            As
required by Rule 38.1(f), the brief does not contain an “Issues Presented”
section stating concisely all issues or points presented for review.  

            As
required by Rule 38.1(g), the brief does not contain a “Statement of Facts” section
stating concisely and without argument the facts pertinent to the issues or
points presented supported by record references.

            As
required by Rule 38.1(h), the brief does not contain a “Summary of the Argument”
section containing a succinct, clear, and accurate statement of the arguments
made in the body of the brief.  

            As
required by Rule 38.1(i), the brief does not contain an “Argument” section
containing a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.

            As
required by Rule 38.1(j), the brief does not contain a “Prayer” section
containing a short conclusion that clearly states the nature of the relief
sought.

Appellant
is directed to amend his brief to comply with Rule 38.1 and to file the amended
brief with this court within forty-five days of the date of this order.  If
another brief that complies with Rule 38.1 is not filed within forty-five days
of the date of this order, the court advises the parties it may strike appellant’s
brief, prohibit appellant from filing another brief, and proceed as if
appellant has failed to file a brief in this cause.  See Rule 38.9(a). 
Furthermore, appellant’s failure to file an amended brief in compliance with Rule 38.1 within forty-five days of the date of this
order may result in the dismissal of the appeal for want of prosecution.  See
Tex. R. App. P. 38.8(a),
38.9(a), 42.3.

            

                                                                                                PER
CURIAM

                                                                                                            

 

August 4, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.